Francis C. Bliss *vs.* Kate M. Nichols & another & trustees.

The averments contained in a declaration in an action are competent evidence against the plaintiff therein, in another action brought against him, although it is not proved that he dictated or had knowledge of the precise averments.

Notice of the dishonor of a bill of exchange drawn by a partnership is sufficient if given at the place where they carried on business and where the bill was drawn, although in fact the partnership has been dissolved and neither of the partners resides there, if no notice of the dissolution has been given and the holder did not know of it, and the notice is received by an agent appointed to wind up the partnership.

Bliss *v.* Nichols & another & trustees.

CONTRACT brought against the drawers of two bills of exchange of $500 each, both dated May 16th 1860 and drawn by F. J. Holcombe & Co. in Michigan and payable there, in twelve months after date, on E. A. Bliss, and by him accepted. The defendants were formerly partners under the above style, and had a place of business at East Saginaw and at St. Charles, in Michigan.

At the trial in the superior court, before *Rockwell*, J., the bills of exchange were admitted in evidence, with the notarial certificates of protest, showing that notices of the dishonor of the bills were sent to F. J. Holcombe & Co. at their places of business. Certain depositions were also put in evidence which tended to prove that at the maturity of the bills Holcombe & Co. had dissolved their partnership; that neither of the defendants resided in Michigan; that Elisha Bliss, Jr., was appointed as their agent to close up their business, and that he received the notarial notices. No notice of the dissolution of the partnership was ever given to the creditors of the firm, or published.

The answer of the defendant Nichols set up, amongst other things, that in October 1860 she transferred her interest in the firm to said Bliss, taking from him a written agreement signed by him and guaranteed by three other persons, that he would pay all the debts of the firm and protect her therefrom. After the commencement of the present action she commenced actions upon this agreement and guaranty, and the plaintiff offered in evidence the declarations in those actions; but the judge ruled that the averments and admissions contained therein did not in any way tend to enable the plaintiff to maintain his action, and instructed the jury to return a verdict for the defendant Nichols, which was accordingly done. The other defendant was defaulted. The plaintiff alleged exceptions.

*J. Branning*, for the plaintiff, cited *McGruder* v. *Bank of Washington*, 9 Wheat. 601; *Bank of Utica* v. *Phillips*, 3 Wend. 408; *Bank of Utica* v. *Davidson*, 5 Wend. 587; *Pierce* v. *Struthers*, 27 Penn. State R. 249; *Wheeler* v. *Field*, 6 Met 290.

*J. E. Field*, for the defendant Nichols.

Bliss-*v.* Nichols & another & trustees.

HOAR, J. We are of opinion that both of the plaintiff's exceptions to the rulings at the trial must be sustained.

1. The allegations by the defendant in the suits brought by her were competent evidence in the nature of admissions of the facts in controversy. They appear to have been made by her authority, and she prosecuted the suits in which these allegations were the foundation of her claim. *Currier* v. *Silloway*, 1 Allen, 19. *Gordon* v. *Parmelee*, 2 Allen, 212. The latter case is a direct authority upon the point.

2. There was evidence to go to the jury that notice of the dishonor of the bills was given to an agent of the defendants, authorized to receive such notice. The evidence tended to show that the partnership of the drawers of the bills had been dissolved, but that no notice of the dissolution had been given, and that it was not known to the holder of the bills. Under these circumstances notice was addressed to the drawers at the place where the partnership had carried on business, and where the bill had been drawn; and the notice was received by a person who there was evidence tending to show was their agent, employed to settle the partnership concerns. This evidence, if believed, would be sufficient upon the question of notice. *Firth* v. *Thrush*, 8 B. & C. 387. Notice may be left for a party at the place of his residence, or of his usual place of business. *Granite Bank* v. *Ayers*, 16 Pick. 392. Whether it will be sufficient to address a notice by mail to the place of business of the drawer or indorser, if not the place of his residence, seems to be doubtful on authority. But on principle, as addressing it to the post-office at which he usually receives his letters, though not in the town where he resides, is held to be sufficient, where notice may be sent by mail, the presumption that he would receive letters upon business at the post-office of the town where his place of business was situated would seem to come within the same reason. Though not decided, such was the intimation of this court in *Chouteau* v. *Webster*, 6 Met. 1. The bill was dated at the place of business of the firm, which, in the absence of evidence of knowledge or means of knowledge to the contrary, might be sufficient evidence of the residence of the drawers to authorize the sending the notice to that place.

Bliss *v.* Nichols & another & trustees.

But the broader and more precise ground on which the sufficiency of the evidence of notice in this case rests is this, that the bill being drawn in the partnership name, notice to the partnership, while it continued, was notice to all the members; that the holder, having had no notice of the dissolution of the partnership, had a right to treat it as subsisting; and that the notice sent by mail, addressed to the partnership at its place of business, and where the draft was drawn, was there duly received by the agent employed to settle the partnership affairs. Byles on Bills, 228.

It has been argued for the defendants that the verdict ought not to be disturbed, because the bills upon which the action is brought, being drawn and payable in the same state, were inland bills; that the protest was therefore not competent evidence to prove the presentment for payment; and that it was the only evidence offered to establish the dishonor of the bills. But the protest was admitted in evidence without objection, and it does not appear by the bill of exceptions that any such point was taken or ruled upon at the trial. Whether they are to be regarded as inland or as foreign bills is a question upon which the authorities are somewhat conflicting, and upon which we have no occasion at this time to express an opinion. Story on Bills, §§ 23, 465. *Rothschild* v. *Currie*, 1 Q. B. 43. *Duncan* v. *Course*, 1 Mills, (S. C.) 100. Bayley on Bills, 21. Byles on Bills, 312. Chit. Bills, (12th Amer. ed.) 2. *Amner* v. *Clark*, 2 Cr., Mees. & R. 468. Smith on Merc. L. 256. *Grimshaw* v. *Bender,* 6 Mass. 157. *Phœnix Bank* v. *Hussey*, 12 Pick. 483. But supposing them to have been inland bills, if it had been so ruled at the trial, or objection taken to the introduction of the protest in evidence, the plaintiff might have been able to establish the fact of presentment for payment by other proof. He may do this, if the point should be taken upon a new trial.

*Exceptions sustained.*